UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DAVID A. McLAUGHLIN,         )
                             )
    *Plaintiff*               )
                             )
v.                           )    No. 1:11-cv-365-JAW
                             )
MICHAEL J. ASTRUE,           )
**Commissioner of Social Security,**   )
                             )
    *Defendant*               )

### *REPORT AND RECOMMENDED DECISION*[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge improperly afforded no weight to the opinion of a treating physician and erroneously evaluated the credibility of the plaintiff's testimony. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from angioedema (likely hereditary), diffuse mild degenerative joint disease, and mild degenerative disc disease of the lumbar spine, impairments that were severe but which, considered separately or together, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 20, 2012, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

404, Subpart P (the "Listings"), Findings 3-4, Record at 9-10; that he had the residual functional capacity ("RFC") to perform light work, except that he could never climb ropes, ladders, or scaffolds, could only occasionally climb ramps or stairs, balance, stoop, kneel, crouch, crawl, finger, or handle, but must avoid forceful gripping or grasping, and should avoid exposure to extreme cold, wetness, humidity, vibrating tools, and unprotected heights, Finding 5, *id*. at 11; that he was unable to perform any past relevant work, Finding 6, *id*. at 14; that, given his age (45 years old on the alleged date of onset of disability, June 22, 2008, a younger individual), limited education, work experience, and RFC, use of the Medical-Vocational Guidelines in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid"), as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 15; and that the plaintiff had, therefore, not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, March 24, 2011, Finding 11, *id*. at 16.  The Decision Review Board selected the decision for review, but later transferred it to the Appeals Council, *id*. at 17, which declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981, *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I.  Discussion

### A.  Treating Physician

The plaintiff contends that the administrative law judge committed reversible error when he "afforded no weight" to the opinion of Larry L. Newman, M.D., whom the plaintiff describes as his "primary care" treating physician.  Statement of Specific Errors ("Itemized Statement") (ECF No. 12) at [2]-[6].  The plaintiff relies on Dr. Newman's physical RFC assessment dated January 18, 2011.  *Id*. at [3]-[4].

On a form provided by the plaintiff's attorney, Dr. Newman assigned the following limitations to the plaintiff: he could carry 20 pounds occasionally and 25 pounds frequently; could stand with changes in position every 15 minutes and walk every 15 minutes for 10 minutes for a total of up to three hours during an eight-hour workday; could sit for less than two hours in an eight-hour workday with changes in position every 20 minutes; must be able to shift at will from sitting to standing or walking; will need to lie down at unpredictable intervals a few times during a "shift of roofing, shingles, or [m]echanical working"; could twist, stoop, crouch, climb stairs, and climb ladders occasionally; could perform handling, fingering, feeling with his hands, and reaching during 80% of a workday; avoid all exposure to extreme cold and heat, as well as fumes; avoid moderate exposure to wetness and humidity; avoid concentrated exposure to noise

and hazards; could never crawl or kneel; must avoid vibration and shaking; would find concentration and job efficiency affected by pain and fatigue; and would be absent from work once or twice a month due to his impairments or medical treatment. Record at 298-301.

The administrative law judge's RFC is consistent with many of Dr. Newman's limitations. Specifically, Dr. Newman's lifting limitations are consistent with light work, 20 C.F.R. § 404.1567(b), which is the exertional level included in the administrative law judge's RFC, Record at 11; Dr. Newman said that the plaintiff could climb stairs and ladders occasionally, *id*. at 299, while the administrative law judge said that he could occasionally climb stairs and never climb ladders, *id*. at 11; Dr. Newman said that the plaintiff could occasionally stoop or crouch, *id*. at 299, as did the administrative law judge, *id*. at 11; Dr. Newman said that the plaintiff should avoid exposure to extreme cold, wetness, humidity, vibrating tools, and unprotected heights, *id*. at 300, as did the administrative law judge, *id*. at 11; and Dr. Newman said that the plaintiff could perform all handling functions for 80% of the workday, id. at 300, and the administrative law judge said that the plaintiff could handle and finger occasionally, but must avoid forceful gripping or grasping, *id*. at 11.

The only points at which the administrative law judge's RFC was not the same as, or more restrictive than, Dr. Newman's limitations are the following: the administrative law judge said that the plaintiff could occasionally kneel or crawl, *id*. at 11, while Dr. Newman said that he could never do either, *id*. at 301; Dr. Newman said that the plaintiff must avoid all exposure to extreme heat and fumes, and concentrated exposure to noise, *id*. at 300, while the administrative law judge did not mention any such limitations; Dr. Newman said that the plaintiff could only sit for up to two hours in an 8-hour workday, and stand or walk for up to three hours in a workday, with the option to sit or stand at will, *id*. at 298-99, while the administrative law judge did not

4

mention any such limitations; and Dr. Newman said that pain and fatigue would "affect" the plaintiff's concentration and efficiency, *id*. at 301, while the administrative law judge did not mention any such limitation.

>The administrative law judge addressed Dr. Newman's RFC as follows:
>
>>Dr. Newman's Physical Residual Functional Capacity assessment (9F), dated January 18, 2011, is not supported by the longitudinal record described above. Dr. Newman limits the claimant to light level work, but he does not explain why the claimant could only stand and walk for a maximum of three hours a day and why the claimant would be limited to sitting for less than 2 hours a day (9F at 1). More specifically, the undersigned notes that while Dr. Newman imposes significant restrictions upon the claimant's exertional and nonexertional activities for disability evaluation purposes, Dr. Newman has not referred the claimant for additional evaluations regarding the claimant's back impairment or for chronic pain management. Likewise, the record shows that the claimant uses only Aleve for pain management, as noted above. Therefore, the undersigned accords no weight to Dr. Newman's opinion.

*Id*. at 13-14.

The only portion of this assessment directly challenged by the plaintiff is the assertion that Dr. Newman did not explain the limitations on standing, walking, and sitting that he imposed. Itemized Statement at [4]. The plaintiff asserts that the administrative law judge "failed to recognize that on page 2 of the assessment form, Dr. Newman responded to the question number 7, 'What medical findings support the limitations described above?' Dr. Newman clearly attributed the limitations to the Plaintiff's back and hip impairments[.]" *Id*. at [4]-[5].

Dr. Newman did write, in response to question 7 on the attorneys' form, that "APRIL 20, 2009 XRAYS showed BACK []problems (since 1995), MRI: HIP problems (2009)[.]" Record at

299.[2] Unless all individuals with "back problems" and "hip problems" are unable to sit, stand, or walk other than in the manner set forth by Dr. Newman, however, these "explanations" are not sufficient. Social Security regulations require that medical source opinions be supported by medical signs and symptoms, laboratory findings, and other objective medical evidence. *See* 20 C.F.R. §§ 404.1527(d)(3), 404.1529(a)-(c). Dr. Newman's terse statement identified two accepted medical tests, x-rays and the MRI, but did not say what those tests showed or how those results translated into the specific limitations that he assigned.

A further problem with the plaintiff's argument is the fact that the administrative law judge "accorded evidentiary substantial weight" to the opinions of the two state-agency reviewing physicians. Record at 14. Both of their physical RFC assessments were completed before Dr. Newman filled out the attorneys' physical RFC form, *id*. at 212, 286, 301, but both saw the April 20, 2009, x-rays to which Dr. Newman refers. *Id*. at 212, 286. Dr. Johnson also saw the hip imaging to which Dr. Newman refers. *Id*. at 286.

Dr. Johnson found that the plaintiff had a light exertional capacity; could stand and/or walk for a total of 6 hours in an 8-hour workday; could sit for the same period of time; could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl, but never climb ladders, ropes, or scaffolds; had no manipulative limitations; and had no environmental limitations. *Id*. at 280-84. Dr. Chamberlin, the other state-agency reviewer, assigned the plaintiff a medium exertional capacity; limited climbing of ramps and stairs, stooping and crouching to frequent; limited balancing and kneeling to occasional; said that the plaintiff should never climb ladders, ropes, or scaffolds, or crawl; limited gross and fine manipulation; and said

---

[2] Dr. Newman does not explain how x-rays taken in 2009 can show that "back problems" have existed since 1995. In addition, the plaintiff himself says that he has been receiving care from Dr. Newman only since "at least November, 2007." Itemized Statement at [2].

that the plaintiff should avoid even moderate exposure to extreme cold, wetness, humidity, and vibration. *Id*. at 206-09.

Thus, the administrative law judge assigned the plaintiff an exertional level more favorable to the plaintiff than that found by Dr. Chamberlin, and consistent with that found by Dr. Newman. He adopted the sitting, standing, and walking findings of the state-agency physicians. The limitation assigned by Dr. Newman that the plaintiff must avoid all exposure to extreme heat and fumes and concentrated exposure to noise was rejected by both state-agency physicians and not adopted by the administrative law judge.[3] Even if this were error, it is harmless, because neither of the jobs identified by the vocational expert as being available to the plaintiff involves any of these factors.

The administrative law judge included in his opinion the jobs of bakery worker/conveyor line and surveillance system monitor,[4] which the vocational expert had identified in response to his hypothetical question. Record at 15, 51-53. The bakery worker job description says the extreme heat is not present, that atmospheric conditions are not present,[5] and the noise level is moderate. Bakery Worker, Conveyor Line, § 524.687-022, *Dictionary of Occupational Titles* (Dep't. of Labor 4th ed. 1991). The description of the surveillance system monitor says that extreme heat is not present, atmospheric conditions are not present, and the noise level is quiet. *Id*. § 379.367-010.

The plaintiff also faults the administrative law judge for concluding that "the Plaintiff's activities are inconsistent with the expected limitations resulting from the MRI findings,"

---

[3] I do not include Dr. Newman's statement that "[p]ain & fatigue defin[]itely affect his concentration and job effici[en]cy," Record at 301, because there is no quantification of this effect.
[4] The vocational expert testified that the surveillance system monitor job could accommodate a sit-stand option. Record at 55. This court has repeatedly held that evidence of one job suitable for a claimant that exists in the national economy in significant numbers is enough to meet the commissioner's burden at Step 5. *See, e.g., Degenhardt v. Astrue*, No. 1:11-cv-262-JAW, 2012 WL 1077456, at *6 (D. Me. Mar. 29, 2012)
[5] Exposure to "fumes" is an "atmospheric condition" for purposes of the Dictionary of Occupational Titles. *Dodds v. Astrue*, No. CIV-09-445-SPS, 2011 WL 1135104, at *2 (E.D. Okla. Mar. 25, 2011).

because that conclusion "constitutes interpretation of raw medical data and is not permitted when constructing an RFC." Itemized Statement at [6]. Given Dr. Newman's assignment of a light exertional capacity to the plaintiff, which is included in the administrative law judge's RFC, and the state-agency physicians' conclusions disagreeing with Dr. Newman's assigned limitations on sitting, standing, and walking, I do not see how this error, if it is an error, necessarily resulted in harm to the plaintiff such that he is entitled to remand.

### B. Credibility

As his second principal challenge, the plaintiff contends that the administrative law judge's decision to discount his "statements concerning the intensity, persistence and limiting effects of [the alleged] symptoms . . . to the extent that they are inconsistent with [his] residual functional capacity assessment," Record at 12, is not supported by substantial evidence. Itemized Statement at [7]-[13].

"The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). The plaintiff presents his argument by addressing specific findings made by the administrative law judge.

First, the plaintiff takes issue with the administrative law judge's assertion that the plaintiff's statement to an emergency room care provider that he "was more active now" and had lost weight suggested that his "allegations of pain and inability to perform physical activities are grossly exaggerated." Record at 13. The plaintiff characterizes his comment as "innocuous" and "not inconsistent with his testimony at hearing or the longitudinal medical records[,] " Itemized Statement at [7], but cites no examples in the record to support his characterizations. On the

showing made, this basis for the administrative law judge's credibility evaluation was not erroneous.

The plaintiff next asserts, *id*. at [7]-[8], that the fact that he did not report pain in his back, legs, hips, or knees to a dermatologist whom he saw for a skin disorder, does not support the administrative law judge's conclusion that his pain allegations were exaggerated. Record at 13. The dermatologist's records do refer to arthralgias, *id*. at 237, which are pains in the joints. *Stedman's Medical Dictionary* (27th ed. 2000) at 149. I agree that a patient would not necessarily report unrelated pain to a medical specialist, and that, in this instance, the administrative law judge does not present a valid reason for discounting the plaintiff's statements about the effect of pain in his joints.

Next, the plaintiff objects to the administrative law judge's reference to Dr. Newman's note of an April 30, 2010, treatment noting that Aleve and stretching provided relief, "suggesting that the condition is not as severe as alleged, since there is no need for more invasive treatment or narcotic medications." Record at 13. The plaintiff asserts that he "was using only Aleve for pain relief during the day" because a narcotic medication caused daytime sedation. Itemized Statement at [8]-[9]. He argues that Dr. Newman's record "in no way suggests that these modalities provided adequate symptom relief[.]" *Id*. at 9.[6] I disagree. The record cannot reasonably be read to indicate that the daytime pain relief provided by Aleve and stretching is not adequate. Record at 289. Indeed, if it were not, there would be an entry in a subsequent record addressing the problem. The plaintiff cites no such record. The administrative law judge's conclusion in this instance is not demonstrably erroneous.

---

[6] At oral argument, the plaintiff's attorney asserted that, because the plaintiff had unsuccessfully tried treatment with Neurontin for his back pain, "only Aleve was available to him." He cited no evidence in the record to support this assertion, and it is certainly not general knowledge, nor is it likely, that only Neurontin and Aleve may be used to treat back pain.

The plaintiff also attacks the administrative law judge's statement that the plaintiff's report that his symptoms are tolerable in warm weather "suggest[s] that the symptoms are situational, not chronic as alleged." Record at 14. The plaintiff asserts that his hereditary angioedemia "is characterized by its recurrent episodes." Itemized Statement at [9]. That appears to be an accurate statement, so far as it goes. However, the administrative law judge's observation that is challenged here is not limited to the plaintiff's angioedemia; rather, it refers to "his allegations of severe, debilitating impairments." Record at 14. Those impairments, collectively, also include diffuse mild degenerative joint disease, mild degenerative disc disease of the lumbar spine, asthma, and obesity. *Id*. at 9-10. The plaintiff makes no attempt to show any error by the administrative law judge in his assessment of those other alleged impairments. The angioedemia cannot be viewed in isolation for purposes of evaluating the administrative law judge's reasoning that is here challenged by the plaintiff.

Finally, the plaintiff contends, Itemized Statement at [10]-[14], that the administrative law judge wrongly viewed his work activities as inconsistent with his allegations of severe, debilitating impairments. Record at 14. The administrative law judge said:

> The claimant's credibility is questionable. He admitted at the hearing that he is able to plow driveways, shovel snow, mow lawns and perform "odd jobs," which are all activities that far surpass his allegations of severe, debilitating impairments. In addition, the claimant testified that he received cash payments for his services. As these payments were not reported, his credibility is further compromised. These activities, when viewed in conjunction with the other inconsistencies regarding the claimant's allegations of pain and dysfunction, further limit the claimant's credibility in discussing his pain. The claimant reported symptoms from "day one"; however, he also reported that his symptoms are tolerable in warm weather (5F at 14), which would suggest that the symptoms are situational, not chronic as alleged. Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, nevertheless the inconsistencies suggest that the information provided by the claimant generally may not be entirely reliable.

10

*Id*.

The plaintiff reads this paragraph to "impl[y] that information pertaining to his work history had been concealed by the Plaintiff until hearing[.]" Itemized Statement at [12]. That is not a reasonable reading of the paragraph. The only suggestion of concealment refers to the plaintiff's receipt of cash payments, a factual assertion that the plaintiff's itemized statement does not address. The plaintiff also asserts that his "description and disclosure of his pain symptoms and work activities has been consistent for the duration of his claim[.]" *Id.* at [13]. The two pages of the record that he cites in this connection support his assertion, Record at 251, 288, at least in part, but his assertion misses the point. The administrative law judge did not question the consistency of his reports concerning his work activities over time; rather, he asked whether those activities were consistent with the degree of pain and dysfunction that the plaintiff testified he was suffering at the relevant times. *See generally Berger v. Astrue*, 516 F.3d 539, 545-46 (7th Cir. 2008).

The plaintiff has not established that the administrative law judge's evaluation of his credibility requires remand.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 5th day of July, 2012.

                                           <u>/s/  John H. Rich III</u>
                                           John H. Rich III
                                           United States Magistrate Judge